[L. A. No. 13524.   In Bank.—April 20, 1933.]

LOUIS F. MARTIN, Respondent, v. J. J. SUGARMAN et al., Appellants.

Samuel A. Miller, Paul J. Zeigler and John E. Dalton for Appellants.

Edw. C. Purpus for Respondent.

PRESTON, J.—Action for an accounting. The answer denied all allegations of the complaint and set up some five special defenses, the only one of interest being number five to the effect that plaintiff and defendants mutually agreed to cancel their reciprocal demands and plaintiff thereupon released the claims upon which this cause is based. Defendants, in attempting to establish this defense, raise the only question of law involved on the appeal and the lack of merit in their contention will presently be shown.

These defendants are professional purchasers and liquidators of insolvent, bankrupt, assigned and distressed stocks of merchandise, which stocks are sold by them through various stores, largely temporary in character, opened and operated for that purpose. The proof abundantly supports the finding that plaintiff was employed by defendants at a specified weekly salary, coupled with a joint venture feature allowing to him a percentage of the profits of each establishment, but not requiring him to share losses, should any occur; also that each particular store should be a separate unit so that net profits or losses from any one store should not in anywise affect the others.

The claim of plaintiff for a large sum was disputed by defendants and this litigation followed. A referee was appointed and evidence in a very large volume was received. Upon the report of the referee, adopted by the court, a balance was found to be due plaintiff, above set-offs, of $892.42, the reference, including compensation to the referee and other expenses having amounted to more than $1,000 in cost.

The evidence to support the findings is challenged by appellants, but the excerpts therefrom quoted in the respective briefs of the parties and supplements thereto conclusively show this contention to be without merit. The same is true of the contention that the overhead of the central business office should be prorated among the several enterprises before the profits from the respective stores could be determined. The evidence, although conflicting, supports the finding that these charges were to be excluded.

Lastly, defendants introduced a document signed by plaintiff, purporting to be a compromise agreement or settlement between the parties for release of the cause of action here. Evidence, parol in character, justified the finding

that this paper was not intended by plaintiff to be a final settlement and that the execution thereof was induced by the fraud of defendants. They say that the introduction of such testimony violated the rule of law that parol evidence may not be introduced to vary the terms of a written instrument (sec. 1856, Code Civ. Proc.). Manifestly, however, appellants do not appreciate the basic principles controlling our system of pleading. ▮ Since the Practice Act, section 65, followed by the enactment of section 462 of the Code of Civil Procedure, all matters of avoidance set up by answer are deemed denied and put in issue by plaintiff. And where documentary evidence is offered in support of such a defense, plaintiff may meet that proof by establishing by parol evidence any such defenses as estoppel, abandonment, bad faith, concealment, deceit, duress, forfeiture, fraud, misrepresentation, mistake, rescission, statute of limitations, undue influence or waiver. And defendant, in such case, may counter with all pertinent defenses such as estoppel, failure to rescind, laches and statute of limitations. A vast number of authorities could be cited to support these statements (21 Cal. Jur., sec. 113, pp. 163–166). These proofs are an exception to the rule contended for by counsel; in fact, they are embodied in subdivisions 1 and 2 of section 1856 of the Code of Civil Procedure.

The judgment is affirmed.

Langdon, J., Curtis, J., Thompson, J., Shenk, J., and Waste, C. J., concurred.