[Civ. No. 24784. Third Dist. Feb. 24, 1986.]

AEROJET GENERAL CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
GARY S. LARSON et al., Real Parties in Interest.

COUNSEL

John M. Laplante and Bullen, McKone, McKinley, Gay, Keitges & Pach for Petitioners.

No appearance for Respondent.

John A. Burgess for Real Parties in Interest.

OPINION

EVANS, Acting P. J.—The question presented in this mandamus proceeding is whether the rule of *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839], that the statute of limitations on a plaintiff's action for damages for personal injury is tolled for the period during which a worker's compensation remedy is pursued against

defendant, applies when plaintiff seeks damages not for the injury itself but for fraudulent concealment of the injury's cause. We hold it does not.

### BACKGROUND

On October 26, 1979, real parties Gary and Cindy Larson, husband and wife (plaintiffs), filed suit against Dow Chemical Company and petitioners Aerojet General Corporation and Cordova Chemical Company (defendants) to recover damages for injuries Gary Larson allegedly sustained as a result of exposure to the chemical compound ethyleneimine. The complaint, insofar as is pertinent, averred as follows: (1) during September 1977, and for periods of time thereafter, Gary Larson was employed at the Cordova Chemical Company and was exposed to the compound ethyleneimine; (2) during the same period, defendants Dow, Aerojet, Cordova, and Does 1 through 100, were in the business of manufacturing, designing, assembling, packaging, fabricating, testing, inspecting, advertising, selling, leasing, and distributing said ethyleneimine; (3) during that period, defendants did so negligently and defectively; (4) Gary Larson suffered serious permanent personal injuries as a result, and (5) did not know, and could not reasonably have known until a time within one year prior to the date the complaint was filed, that his injuries were the result of his exposure to ethyleneimine. Defendants answered, pleading, inter alia, that plaintiffs' action was barred by the one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3).)

On March 26, 1982, plaintiffs filed a first amended complaint, adding a claim of fraudulent concealment, which provided: "At all times herein mentioned, CORDOVA CHEMICAL COMPANY was informed and aware that plaintiff was suffering injury to his person as a result of exposures to various chemicals including ethyltleneimine [*sic*], during the course of his employment with defendant, CORDOVA CHEMICAL COMPANY. That in spite of this knowledge, the defendant fraudulently concealed from plaintiff and from the doctors trying to treat plaintiff, as well as from the state, that plaintiff was suffering from a disease caused by the ingestion and exposure to various chemicals, thereby preventing plaintiff from receiving treatment for the disease and inducing him to continue work under hazardous conditions. As a direct and proximate result of the conduct above-alleged, plaintiff continued to work in a hazardous environment thereby aggravating injuries he had previously sustained as a result of chemical exposure." Defendants answered, again asserting plaintiffs' action was barred by the statute of limitations.

On a motion to bifurcate (Code Civ. Proc., § 597), respondent superior court ordered and conducted a separate trial on the statute of limitations issue. From the evidence adduced, the court determined that as early as

August 18, 1978, plaintiffs knew, or should have known, they had causes of action against defendants. The court ruled plaintiffs' negligence action against defendant Dow was barred by the one-year statute of limitations. The court further ruled, however, that Aerojet's and Cordova's alleged fraudulent concealment was still actionable because the statute of limitations had been tolled as to Aerojet and Cordova from November 15, 1978, to May 31, 1984, the period during which Gary Larson had prosecuted a worker's compensation proceeding for his injuries.

■ Resolution of the statute of limitations issue in plaintiffs' favor is not a final judgment and may not be the subject of an appeal until all other issues have been decided. (*Menchaca* v. *Farmers Insurance Exchange* (1976) 59 Cal.App.3d 117, 124 [130 Cal.Rptr. 607].) Additionally, unless restrained by this court, the superior court will proceed to trial on the issue of whether Aerojet and Cordova fraudulently concealed the cause of Gary Larson's injury from him.[1] Accordingly, Aerojet and Cordova seek this writ of mandamus to compel respondent superior court to reinstate their statute of limitations defense and enter judgment in their favor. We will grant the writ.

### DISCUSSION

Aerojet and Cordova present three contentions in support of their position: (1) because plaintiffs did not affirmatively assert that the one-year statute of limitations was tolled as to defendants by the filing of the worker's compensation action, the superior court erred when it allowed plaintiffs to contest the limitations defense for the first time at the trial; (2) the statute of limitations against plaintiffs' action for fraudulent concealment was not tolled for the period during which plaintiff pursued his worker's compensation remedy against defendants; and (3) the superior court's decision to toll the statute as to defendants impermissibly infringed on defendants' right to equal protection of the law.

Defendants' first argument is patently spurious. ■ The statute of limitations is an affirmative defense. Affirmative defenses need not be answered; they are deemed controverted (Code Civ. Proc., § 431.20, subd. (b)), and plaintiffs may introduce evidence at trial on the issues raised thereby. (*Martin* v. *Sugarman* (1933) 218 Cal. 17, 19 [21 P.2d 428].) The rule defendants cite, that plaintiffs must show the excuse for a late filing in the

---

[1]Gary Larson successfully claimed worker's compensation benefits for his initial injury. The question whether the statute of limitations on plaintiffs' negligence action against defendants was tolled by the filing of the worker's compensation action is rendered moot by the exclusive remedy provisions of the worker's compensation law. (Lab. Code, §§ 3600, 3601.)

complaint (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 878, pp. 320-321), is of no avail. Plaintiffs complied with that requirement by the allegation in the complaint that they did not know, and could not reasonably have known until a time within one year prior to the date the complaint was filed, that Gary Larson's injuries were the result of his exposure to ethyleneimine.[2] In the absence of such an allegation, the complaint was demurrable. But, by its terms, the rule that a demurrer will lie when the excuse for late filing does not appear on the face of the complaint[3] has no application where the complaint is timely on its face and defendants have answered. Plaintiffs were thus free to assert their "equitable tolling" claim for the first time at the special defense trial.

Though we find plaintiffs were not barred from asserting their "equitable tolling" claim, we agree with defendants that equitable factual and legal considerations militate against tolling the statute in this case.

The fundamental purpose of the statute of limitations is to afford a defendant timely notice of the claim against him so that he may assemble a defense while the facts are still fresh. Plaintiffs claim filing the worker's compensation action served the statute's purpose in this case. They rely for support on the "equitable tolling" rule of *Elkins* v. *Derby, supra,* 12 Cal.3d 410. In *Elkins* plaintiff filed a timely claim for worker's compensation benefits following a work-incurred injury. The Workers' Compensation Appeals Board then determined plaintiff had not been an employee at the time of his injury and concluded he was not entitled to benefits. Shortly thereafter, plaintiff filed a civil action seeking damages for the injuries that prompted his compensation claim. Because the action was not filed within a year of the injury, the superior court held it had been barred by the statute of limitations. The Supreme Court reversed, holding that if the defendant is not prejudiced by the delay, the running of the limitations period is tolled when an injured person has different legal remedies and, reasonably and in good faith, pursues only one. (*Id.,* at p. 414.)

Plaintiffs' reliance on *Elkins* is misplaced. The court in *Elkins* applied the equitable tolling rule to a situation where plaintiff sought to recover in the civil proceeding for the *same injury* and on the same circumstances that prompted his worker's compensation claim. The court felt timely filing of

---

[2]Although plaintiff argues the three-year statute of limitations provided by Code of Civil Procedure section 338 for fraudulent activities should be applicable in this instance, we conclude under the facts that the one-year statute of limitations provided by Code of Civil Procedure section 340, subdivision (3), provides the appropriate period of limitation. However, plaintiff acknowledges that unless he prevails on a tolling theory, neither statute is of any avail to him.

[3]See *Bradler* v. *Craig* (1969) 274 Cal.App.2d 466, 471-472 [79 Cal.Rptr. 401].

a compensation claim should toll the statute because it alerts the employer to the nature of the cause of action the employee might assert in a civil suit to recover for the same injury and on the same circumstances. As the court observed, "[a]fter the filing of a compensation claim, the employer can identify and locate persons with knowledge of the events or circumstances causing the injury. By doing so, he takes the critical steps necessary to preserve evidence respecting fault. Although he may choose not to gather evidence bearing on fault from these parties when faced only with a compensation claim,[4] he will be able in most instances to recontact these people, particularly if they are continuing employees, for further evidentiary contributions should a controversy as to fault later arise in a tort action." (*Elkins* v. *Derby, supra,* 12 Cal.3d at p. 418.)

■ Unlike the plaintiff in *Elkins,* however, plaintiffs in this case do not seek to recover in a civil action for the original injury that prompted their worker's compensation claim, for in fact they cannot. By contrast to the plaintiff in *Elkins,* plaintiffs in this instance have received worker's compensation for the injury that prompted the civil negligence action, and worker's compensation is, by the terms of the worker's compensation law, their exclusive remedy. (Lab. Code, §§ 3600, 3601.) Plaintiffs' remaining cause of action, asserted in their first amended complaint, is for a different wrong entirely, that being the harm they assertedly suffered as a result of defendants' fraudulent concealment of the injury's cause.

In *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], an asbestos worker sued his employer, alleging that as a result of continuous exposure to asbestos in the work place he developed lung cancer and other disabilities and further alleged that, although his employer knew for more than 20 years that asbestos exposure was a health threat, it concealed the fact from him, advised him it was safe to work with asbestos, and failed to provide him with adequate protective devices. He also asserted the employer engaged unqualified doctors to examine the worker and did not advise the doctors of the risks associated with asbestos exposure or that the worker's disease was the result of working conditions at the plant. It alleged that each of the described acts was done with fraudulent intent to induce the worker to continue working in a dangerous environment.

The Supreme Court determined that though the worker's only remedy for the damages he suffered from *contracting* the disease was worker's compensation, the exclusivity provisions of the worker's compensation law did

[4]Whether the employer was at fault is not at issue when the remedy the employee seeks is worker's compensation. (Lab. Code, § 3600, subd. (a).)

not bar a civil action insofar as it alleged the worker suffered *aggravation* of his condition as a result of his employer's having fraudulently concealed the fact that the condition was work-related. (*Johns-Manville, supra,* 27 Cal.3d at p. 477.) However, the *Johns-Manville* court was not confronted with the statute of limitations question.

The Supreme Court in *Johns-Manville* recognized that the aggravation of an injury that results when an employer fraudulently conceals the injury's cause is a harm distinct from the injury itself. For this reason, aggravation that results when an employer fraudulently conceals an injury's cause remains actionable even though the injured party has recovered worker's compensation benefits for the injury itself. (*Foster* v. *Xerox Corp.* (1985) 40 Cal.3d 306 [219 Cal.Rptr. 485, 707 P.2d 858].)

In this instance, the allegations of plaintiff's complaint affirmatively disclose his knowledge of the fact of his injury, its origin, and cause, i.e., exposure to the injurious chemical compound ethyleneimine, and assert a fraudulent concealment by his employer of the fact the chemical had the potential of injurious consequences. Nevertheless, he attempts to assert an equitable tolling because of his pursuit of the worker's compensation remedy of the applicable statute of limitations in order to pursue a remedy against his employer. In this instance, it is clear plaintiff discovered his injury, its extent, and cause in 1978.

■ Though equity will toll the statute of limitations while a plaintiff, who possesses different legal remedies for the same harm, reasonably and in good faith pursues one, it will not toll the statute while a plaintiff, who has allegedly suffered several different wrongs, pursues only one remedy as to one of those wrong. (*Loehr* v. *Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1086 [195 Cal.Rptr. 576].) As the holdings in *Johns-Manville* and *Foster* emphasize, plaintiffs' worker's compensation claim and their suit for fraudulent concealment are not alternative remedies for the same harm; they are different remedies for different harms. The filing of the former did not alert defendants to the nature or the imminence of the latter. That this is so cannot be gainsaid when it is recognized that evidence an employer might gather during the pendency of a worker's compensation action to refute a civil claim for the same injury will serve him not at all in a suit for fraudulent concealment, where liability for the injury itself is not at issue.[5]

---

[5]Evidence that defendants were not at fault for Gary Larson's initial injury would have done nothing to refute allegations that defendants knew Larson's injury was the result of exposure to ethyleneimine, that they fraudulently concealed this from Larson, and that Larson suffered aggravation of his initial injury as a result.

Because the filing of the worker's compensation action in this case did not provide defendants with notice of the action for fraudulent concealment alleged in the amended complaint, we find that as to that cause of action the statute of limitations was not tolled. Because our finding on this issue prompts us to grant the relief defendants seek, we need not reach the equal protection argument asserted.

Plaintiff could have proceeded with the tort claim for fraudulent concealment contemporaneously with his worker's compensation action.

We recognize the fact that *Johns-Manville* decided in 1980 was the first discussed recognition of the right of a worker to pursue both a worker's compensation action for a work-incurred injury and a contemporaneous court action for fraudulent concealment of a work danger, and that the decision was made after the statute of limitations had expired for such a claim following plaintiff's injury. Equitable tolling is not available as a means of establishing retroactivity of *Johns-Manville* or *Foster* to assist plaintiff in his claim for damages.

Let a peremptory writ of mandate issue, directing respondent superior court to reinstate defendants' statute of limitations defense and to enter judgment in defendants' favor.

Carr, J., and Sims, J., concurred.