Heather C. HINTON, Plaintiff–Appellant,

v.

PACIFIC ENTERPRISES, formerly known as Pacific Lighting Corporation, as Employer, Plan Administrator, Plan Sponsor and Plan Fiduciary, Pacific Lighting Corporation Disability Benefit Plan, Pacific Lighting Corporation Medical Plan, Pacific Lighting Corporation Dental Plan, Pacific Lighting Corporation Pension Plan, Pacific Lighting Corporation Life Insurance Plan, and Kathe R. Moore, Defendants–Appellees.

No. 92–55493.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1993.

Decided Sept. 17, 1993.

Ronald Dean, Pacific Palisades, CA, and Stephanie Nordlinger, Los Angeles, CA, for plaintiff-appellant.

Larry I. Stein and John R. Ellis, Los Angeles, CA, for defendants-appellees Pacific Enterprises, Pacific Lighting Corp. Disability Benefit Plan, Pacific Lighting Corp. Medical Plan, Pacific Lighting Corp. Dental Plan, Pacific Lighting Corp. Pension Plan, and Pacific Lighting Corp. Life Ins. Plan.

Kathe R. Moore, in pro. per.

Before: BROWNING, FARRIS and KELLY *, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge:

### Background

Plaintiff-appellant Hinton was a paralegal employed by defendant-appellee Pacific Enterprises ("Pacific"). On January 6, 1988, Hinton became disabled and on January 15, 1988, she was informed by her supervisor that she was being fired. Ten days later, she executed a resignation agreement outlining the terms of her departure from Pacific. Below her signature, in her own handwriting, Ms. Hinton added:

> By signing this agreement, I understand that I do not give up my rights to seek reimbursement for disability under Worker's Compensation, the Company's disability insurance policy, and the Company's self-insurance, if any, for disability. I also understand that I do not give up my rights to unemployment insurance after my disability ceases.

Aplt.App., ex. A. Hinton applied for disability benefits and they were denied because Hinton had been "terminated," a condition which

---

* Honorable Paul J. Kelly, Jr., Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

specifically eliminated eligibility for benefits under the several benefits plans for Pacific employees. On February 22, 1988, Hinton filed a worker's compensation claim against her employer for a shoulder injury. On April 19, 1988, Hinton filed another worker's compensation claim for a stress injury including chronic Epstein–Barr virus syndrome. In September 1988, Hinton filed a petition to obtain benefits pursuant to California Labor Code § 132a.

On May 2, 1991, Ms. Hinton filed this action against Pacific and certain employees of Pacific, seeking declaratory relief and damages relating to her termination. Hinton also named her former attorney, Moore, as a defendant, alleging legal malpractice. In September 1991, Hinton amended her complaint to include the Pacific employee benefit plans ("the Plans") as Defendants.

The amended complaint contained three claims. *First,* Hinton sought declaratory relief against the Plans, arguing that she was still eligible for disability coverage. The gist of her argument was that although the disability plan stated that "[n]o employee shall be eligible to receive Disability Benefits following termination of employment," she was not "terminated" for the purposes of this provision. She reasoned that it would be improper to allow "termination" to encompass situations wherein the employer eliminated the employee solely to avoid ERISA benefits. And, of course, she had a claim pending against Pacific, her former employer, to that effect. The claim against Pacific was reworked as the *second* claim in the amended complaint and sought damages only

for a violation of § 510 of ERISA.[1] The *third* claim in the amended complaint was against attorney Moore and substantially similar to the claim made against her in the first complaint.

On October 7, 1991, Pacific filed a motion to dismiss the first claim for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Pacific argued that Hinton's claims were barred by the statute of limitations. After a hearing, the district court dismissed the ERISA § 510 claim with prejudice, finding that the two-year statute of limitations for wrongful termination based on the breach of an oral contract applied.

The Plans filed a motion to dismiss, which was also granted by the district court. The court reasoned that the theory supporting the claim against the Plans was dependent upon the claim against Pacific. On its own motion, the court ordered the claim against attorney Moore, the only claim remaining, remanded to Los Angeles Superior Court.

Hinton responded with a motion for reconsideration and, for the first time, argued that the statute of limitations was subject to tolling or, alternatively, that Pacific should be estopped from asserting a limitations defense. The court refused to reconsider, citing Local Rule 7.16.[2]

Hinton appeals the dismissals of her claims. We affirm.

## Discussion

### I. Statute of Limitations

The first dismissal granted by the district court was based upon a finding that Hinton

---

**1.** Section 510 of ERISA (Employee Retirement Income Security Act), 29 U.S.C. § 1140, makes it unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.... The provisions of section 1132 of this title shall be applicable in the enforcement of this section. Section 502 of ERISA, 29 U.S.C. § 1132, authorizes civil enforcement of ERISA provisions.

**2.** Local Rule 7.16 of the United States District Court for the Central District of California provides:

7.16. *Motion for Reconsideration.* A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

had failed to file her claims against Pacific within the statute of limitations. The district court cited and relied upon *Felton v. Unisource Corp.*, 940 F.2d 503 (9th Cir.1991), which held that laws pertaining to wrongful terminations are most analogous to § 510 claims under ERISA and should therefore lend their statute of limitations to such claims.

As the court in *Felton* explained, "[b]ecause the civil enforcement section of ERISA, § 502, 29 U.S.C. § 1132, does not provide its own statute of limitations, courts must determine the applicable limitation period." *Id.* at ·510 (footnote omitted). The court then reviewed the variety of results reached by other circuits considering this question, concluding "[w]e find persuasive the reasoning of those courts which have found that a claim brought under § 510 is essentially an assertion that the employee was discriminated against based on either his application for insurance benefits or his pension eligibility." *Id.* at 512.

> Keeping in mind the federal policies behind ERISA, we hold that the most analogous state law claim would be wrongful termination against public policy or retaliatory discharge. In § 510 actions, the employer has fired or suspended the employee either to evade the public policies underlying ERISA or in retaliation for the employee's exercise of his right to insurance or retirement benefits. In addition, the remedies sought by wrongful termination plaintiffs, i.e., back pay, benefits due or reinstatement, are identical to those potentially available under § 502 of ERISA.

*Id.* (citations omitted).

■ The analogous California statute, addressing the tort of wrongful termination, prescribes a one-year statute of limitations. Cal.Civ.Proc.Code § 340 ¶ 3. However, California allows a wrongful termination claim to be pleaded in contract as well. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). The employment contract between Hinton and Pacific was oral; the statute of limitations pertaining to oral contracts is two years, Cal.Civ. Proc.Code § 339, and as the district court

noted, Hinton failed to file her action against her employer within that time.

■ Hinton argues that the four-year statute of limitations for a written contract should apply because the *benefits packages* were in writing. However, our resort to state law is only to determine an analogy to the basic claim of wrongful termination actionable under § 510, not to delineate specific benefits pursuant to contract that may be reinstated if a termination was indeed wrongful. The very essence of Hinton's claim is that she was wrongfully terminated (and thus cut off from benefits), not that the written provisions of the benefits plan were breached by Pacific. Section 510 clearly punishes the wrongful discharge itself; any effect that employment status may have on benefits is one step removed from § 510.

Hinton also argues that because § 510 incorporates · enforcement under § 502, the same statute of limitations used in § 502 should be adopted. While the remedies are borrowed from § 502, we are not persuaded that Congress has expressed an intent to adopt all other features of that section. The two sections remedy different wrongs; one section corrects any improper action taken with respect to the benefits plan itself and the other punishes an improper action taken with respect to the individual's employment status.

## II. Hinton's Motion for Reconsideration

■ Hinton argues that her motion for reconsideration, which discusses possible tolling of the statute of limitations for the first time, should have been granted. In her motion, Hinton noted that she had applied for worker's compensation benefits in February 1988 and cited several cases which stand for the proposition that when a plaintiff files for worker's compensation benefits, the statute of limitations in any civil case brought in the future against the same defendant is tolled until after the worker's compensation case is finally decided. The district court, however, found that "plaintiff has failed to make a sufficient showing that notwithstanding the exercise of reasonable diligence, plaintiff could not have discovered the facts and/or

law upon which this motion for reconsideration is based," E.R. Tab 26, as required by Local Rule 7.16, quoted *supra* note 2. A determination of compliance with local rules is reviewed under an abuse of discretion standard. *See Yagman v. Republic Ins.*, 987 F.2d 622, 630 (9th Cir.1993).

Hinton argues that *Felton* represented "new law" that she could not have anticipated and appropriately countered with allegations which could have tolled the statute of limitations. *Felton* was decided on July 31, 1991— before the amended complaint was filed and, thus, before Hinton had made any claims against Pacific pursuant to ERISA. The amended complaint was filed in September 1991 with no mention of the statute of limitations. The motion to dismiss was heard in November of that year. *Felton* is cited in Pacific's motion to dismiss and Hinton, in her reply, attempts to address *Felton* by summarily concluding: "Following this rule, plaintiff Hinton's claim is covered by the four-year statue of limitations [applicable to an action upon a written contract.]" E.R. Tab 13 at 1.

■■■ The burden of alleging facts which would give rise to tolling falls upon the plaintiff. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir.1980); *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249 (9th Cir.1978). That burden does not arise only after a motion to dismiss; rather, the plaintiff "must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts." *Id.* at 250.

Hinton responds that compliance with this particular local rule is not necessary because it conflicts with the Federal Rules of Civil Procedure, particularly Rules 1, 15(a), 54(b), 41(b) and 59. Her motion was purportedly filed pursuant to Rules 15(a) (allowing amendments to pleadings) and 54(b) (order is subject to revision at any time before the entry of judgment). Rule 7.16 need not be read to conflict with any other rule of civil procedure.

■■■ However, we note that Ms. Hinton's appeal on this matter raises other concerns about the treatment of her motion. First, Rule 7.16 addresses a request for a court to consider again a motion that it previously considered. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441–42 (9th Cir.1991). Thus, a party should indicate which federal rule governs the motion. *Id.* (motion for reconsideration of summary judgment is "appropriately brought under either Rule 59(e) or Rule 60(b)"). Fed.R.Civ.P. 15(a), upon which Hinton based her motion, is a new and separate motion to amend pleadings. Even though Hinton entitled her motion as one for "reconsideration" of the court's dismissal, at least part of her request and the federal rule cited within the caption relate to amending the complaint. Therefore, the trial court improperly subjected a new Rule 15(a) motion to the test contained in Local Rule 7.16, which relates to a motion for reconsideration. We treat Hinton's motion as a request to amend and review the trial court's denial thereof.

■■■ Rule 15(a) allows one amendment of right, which Hinton utilized in this case to file her first amended complaint. Thereafter, any amendments, according to the rule, had to be made with leave of the court. *Sackett v. Beaman*, 399 F.2d 884 (9th Cir. 1968). The court may consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir.1989). We review the district court's denial of leave to amend for abuse of discretion. *United Union of Roofers, Waterproofers and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1399 (9th Cir.1990). If the amendments to the complaint will fail to cure fatally defective allegations, refusal to allow leave to file the amended complaint is acceptable. *Moore*, 885 F.2d at 538, 540–41.

■■■ Using the criteria listed in Rule 7.16, the district court found that Hinton had failed to show that she could not have discovered the proposed amended material before the motion was submitted. This particular aspect of Rule 7.16 coincides with one of the

criteria which may be considered upon a motion to amend, *see Moore*, 885 F.2d at 538, and may be a sufficient independent basis to have denied leave to amend. Finding no abuse of discretion in the district court's determination of this factor, we could affirm the denial of Hinton's motion to amend on this basis alone.

As to whether the proposed amendments would "cure" the defects noted in the court's ruling on the motion to dismiss, Hinton relies primarily on the tolling doctrine in *Elkins v. Derby*, 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81 (1974). There, the court decided that the statute of limitations applicable to a personal injury suit filed by a worker was tolled during the pendency of his worker's compensation remedy. *Id.*, 115 Cal.Rptr. 641, 525 P.2d at 82. This holding was based on the concept that a limitations period should be tolled " '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' " *Id.*, 115 Cal.Rptr. 641, 525 P.2d at 84 (quoting *Myers v. County of Orange*, 6 Cal.App.3d 626, 86 Cal.Rptr. 198 (1970)). Indeed, in *Elkins,* the plaintiff had suffered injuries during an attack from a timber wolf and had available two avenues of remedy for those injuries.

█ Hinton's situation is distinguishable. Her worker's compensation claim against Pacific included a charge that "[i]n retaliation for applicant's claim of a work related injury, defendant corporation abruptly terminated the applicant's employment . . . in violation of California State Labor Code § 132(a)." E.R. Tab 21. The amended complaint against Pacific alleges that "Pacific terminated Hinton and then extracted from her a resignation on threat of loss of benefits, for the purpose of interfering with her attainment of her rights under the defendant Plans [in violation of ERISA § 510]." E.R. Tab 9. As was explained in *Aerojet Gen. Corp. v. Superior Court,* 177 Cal.App.3d 950, 223 Cal.Rptr. 249 (1986):

> Though equity will toll the statute of limitations while a plaintiff, who possesses different legal remedies for the same harm, reasonably and in good faith pursues one, it will not toll the statute while a plaintiff, who has allegedly suffered several different wrongs, pursues only one remedy

as to one of those wrongs. . . . [P]laintiffs' worker's compensation claim and their suit for fraudulent concealment are not alternative remedies for the same harm; they are different remedies for different harms. The filing of the former did not alert defendants to the nature or the imminence of the latter.

*Id.*, 223 Cal.Rptr. at 254. Here, Hinton has alleged different wrongs. In one complaint, she alleges that her employment was terminated in retaliation for her filing worker's compensation claims. In the other, she alleges that her employer forced her to sign a termination agreement in order to interfere with her right to obtain certain benefits. If she is successful in the former action, nothing will prevent her from continuing the latter action and recovering benefits due under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), applicable penalties pursuant to § 502(c), 29 U.S.C. § 1132(c), and attorney's fees under § 502(g)(1), 29 U.S.C. § 1132(g)(1). "Indeed, it is precisely because these wrongs are different that [Hinton]'s state-law claims are not precluded by [ERISA]." *Arnold v. United States*, 816 F.2d 1306, 1313 (9th Cir.1987) (citing *Otto v. Heckler,* 781 F.2d 754, 756–57 (9th Cir.1986) *amended* 802 F.2d 337 (1986)).

█ Finally, Hinton argues that her amended complaint would allege facts sufficient to show that Pacific is responsible for the delay in filing and should be estopped from asserting a limitations defense. Hinton's argument is premised on the difficulty she experienced in hiring counsel, which she attributes to the existence of the termination agreement she contends she was forced to sign. Hinton failed to raise this argument in the motion before the trial court, insisting that Pacific should be estopped for the first time before this court. The necessary elements were set out in *Golden v. Faust,* 766 F.2d 1339 (9th Cir.1985):

> Before estoppel can toll the statute of limitations, certain conditions must be met: 1) the party to be estopped must be apprised of the facts; 2) the other party must be ignorant of the true state of facts, and the party to be estopped must have acted so that the other party had a right to believe that the party intended its conduct to be acted upon; and 3) the other party relied on the conduct to its prejudice.

*Id.* at 1341. Hinton has failed to sufficiently plead these elements such that a question of fact would arise. There is simply nothing in Hinton's allegation to support her ignorance of the true state of the facts. Equitable estoppel has more to do with some element of the claim being hidden from the plaintiff due to a defendant's improper motivation or deceptive conduct rather than, as here, a plaintiff's mistake as to the law. *See Stallcop v. Kaiser Found. Hosp.,* 820 F.2d 1044, 1049–50 (9th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987); *Garabedian v. Skochko,* 232 Cal.App.3d 836, 283 Cal. Rptr. 802, 804 (1991) ("As a general rule, absent some wrongdoing on the part of a defendant, a plaintiff's ignorance of his cause of action ... does not prevent the running of the limitations period.").

Therefore, the proposed amendments would not have cured the statute of limitations defects. We affirm the district court's refusal to allow the amendments on this basis as well. *Moore,* 885 F.2d at 538–40 (court may refuse to grant leave to amend when, even if amendments were allowed, the claim would be subject to dismissal).

AFFIRMED.