50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul J. CIESLA, Plaintiff-Appellant,
v.
John W. SHANNON, Acting Secretary of the Army, Defendant-Appellee.
 No. 93-16640.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1995.*
Decided March 15, 1995.
 
 IN PART, REVERSED IN PART, AND REMANDED.
 
 
 1
 Before: TANG, and O'SCANNLAIN, Circuit Judges, and MERHIGE**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Paul J. Ciesla appeals from a district court judgment awarding attorney's fees in his Title VII action. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse, in part, vacate in part, and remand for further proceedings consistent with this memorandum.
 
 
 4
 Ciesla argues that he is entitled to review of the phase I attorney's fees award because he filed a federal action within thirty days of the EEOC's denial of his untimely request to reopen. In order to maintain his federal action, Ciesla had to file the suit within thirty days of receiving a final decision from the EEOC. 42 U.S.C. Sec. 2000e-16(c); 29 C.F.R. 1613.281(c).[1] Ciesla did not file a federal suit within thirty days of the EEOC decision awarding attorney's fees in phase I. Thus he can maintain a federal suit only if the request to reopen prevented the initial decision from becoming final and thereby extended the time for filing.
 
 
 5
 Before the EEOC established a time limit for filing a request for reconsideration, the request did not extend the thirty-day filing period. See Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440 (9th Cir.1984). The EEOC has now established a time limit--a request for reconsideration or reopening must be filed within thirty days of receipt of an EEOC decision. 29 C.F.R. 1613.235(b). The EEOC decision is final if the request is not filed within that time. 29 C.F.R. 1613.234(b)(1). If a timely request to reopen is filed, the EEOC decision on the request becomes the final decision and the parties have thirty days from that decision to file a civil action. 29 C.F.R. Sec. 1613.235(d). Ciesla's request was untimely because he filed it thirty-one days after notice of the initial EEOC decision. Therefore the initial EEOC decision became final and the thirty-day limit on filing a civil action was not extended. Ciesla cannot maintain an action in federal court on the phase I fees.
 
 
 6
 Ciesla argues that his time to file should be extended through application of the doctrines of waiver, estoppel or equitable tolling. Filing a timely complaint with the EEOC is not a jurisdictional prerequisite to a federal suit but is a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. Johnson v. U.S. Treasury Dept., 27 F.3d 415, 416 (9th Cir.1994). These equitable doctrines are equally applicable to the thirty-day deadline for requests to reopen.
 
 
 7
 On occasion, defendants have waived the defense that a plaintiff failed to comply with deadlines or other procedural requirements established by the EEOC. However, courts find waiver only when the defendant raises the defense extremely late in the proceedings. For example, a defendant claimed that it was not a proper party to a suit on the ground that the plaintiff had failed to name the defendant in the original charge filed with the EEOC. Gibson v. Local 40, Supercargoes and Checkers, 543 F.2d 1259, 1263 n. 1 (9th Cir.1976). The court concluded that the defendant had waived this defense by failing to raise it until the first day of the second trial. Id. Cf. Stache v. Int'l Union of Bricklayers, 852 F.2d 1231, 1234 (9th Cir.1988), cert. denied, 493 U.S. 815 (1989) (international union timely asserted affirmative defense that Stache failed to name the international union in the complaint filed with EEOC, by asserting this defense in its answer to Stache's complaint). Unlike the defendant in Gibson, the Army raised the issue of timeliness early in the court action, in its trial brief. The Army did not raise the defense in its answer to Ciesla's complaint, but Ciesla's complaint also failed to claim that the request to reopen was timely filed.
 
 
 8
 Estoppel can toll the thirty-day filing requirement if the following conditions are satisfied: the Army was apprised of the facts; Ciesla was ignorant of the true state of facts; the Army acted so that Ciesla had a right to believe that the Army intended its conduct to be relied on; and Ciesla relied on the Army's conduct to its prejudice. Hinton v. Pacific Enterprises, 5 F.3d 391, 396 (9th Cir.1993), cert. denied, 114 S.Ct. 1833 (1994). Ciesla does not even claim that he was not aware of the true state of facts. Ciesla was aware that he had thirty days to file the request to reopen and the Army did not attempt to mislead him about the filing date.
 
 
 9
 Equitable tolling is applied only in extreme situations, such as when a party is tricked by an adversary's misconduct into missing a filing deadline. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling does not apply to Ciesla's claim, which is at best "a garden variety claim of excusable neglect." Id. Ciesla's request for reconsideration was postmarked one day past the thirty day deadline. His attorney claims that he took the request to the post office on the thirtieth day, but the post office did not affix a postmark until the next day. However, the postmark itself is substantial evidence supporting the district court's finding that the request was not actually filed until the thirty-first day. Even assuming that Ciesla' story is true, Ciesla's attorney did not file the request until late in the afternoon of the last possible filing day, thereby incurring the risk that the mail would not be timely postmarked. No extreme circumstance prevented Ciesla from filing on time. Equitable tolling is not warranted. Because neither waiver, estoppel, nor equitable tolling extend the thirty day time limit, we affirm the portion of the district court's judgment denying review of the phase I attorney's fees award.
 
 
 10
 We now determine whether Ciesla was awarded reasonable attorney's fees for his work during phase II. Title VII provides for the award of reasonable attorney's fees to the "prevailing party." 42 U.S.C. Secs. 2000e-5(k), 2000e-16(d). We review the district court's decision on attorney's fees for an abuse of discretion. Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir.1986).
 
 
 11
 The district court declined to determine the phase II attorney's fees award because it concluded that Ciesla was not the "prevailing party."[2] Ciesla is a prevailing party if he "has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit.' " Sanchez v. City of Santa Ana, 936 F.2d 1027, 1041 (9th Cir.1990), cert. denied, 502 U.S. 957 (1991) (internal quotation omitted); Thorne v. City of El Segundo, 802 F.2d at 1140. The district court concluded that Ciesla was not the "prevailing party" by considering solely phase II, the period in which Ciesla went back to the EEOC to challenge the local Army command's calculations on back pay.
 
 
 12
 The district court erred in separating the two phases for purposes of determining whether Ciesla was the prevailing party. The "prevailing party" prevails on the merits of the action. For purposes of determining whether Ciesla is a prevailing party, the action should be considered in its entirety. Ciesla prevailed on the merits of his discrimination claim. Further, Ciesla's challenge to the local command's refusal to pay back pay, after the Army had determined that he was entitled to back pay, was merely a continuation of the proceedings rather than a separate action. Clearly Ciesla was the "prevailing party."
 
 
 13
 Even if phase II is considered separately, Ciesla succeeded on a significant issue in phase II and is therefore the "prevailing party." Ciesla appealed the Army's back pay calculations to the EEOC. Before the EEOC heard the appeal, the Army rescinded the calculations and agreed to award full back pay.
 
 
 14
 Because the district court based its decision not to review the phase II award of attorney's fees on an incorrect application of the law on "prevailing party," the district court's decision is an abuse of discretion. Marchand v. Mercy Medical Center, 22 F.3d 933, 936 (9th Cir.1994). The district court's decision regarding the phase II attorney's fees award is therefore reversed and remanded for consideration on the merits.
 
 
 15
 The district court intermingled its discussion of prevailing party with a discussion of Ciesla's partial success in phase II. The prevailing party and partial success inquiries are distinct. Gates v. Deukmejian, 987 F.2d 1392, 1403 (9th Cir.1992). A determination that the prevailing party was only partially successful is part of the district court's secondary inquiry into what fee is reasonable in a given case. Id. Thus, although Ciesla is the prevailing party, the district court can consider whether Ciesla was only partially successful when it calculates a reasonable award.
 
 
 16
 We now review the award of attorney's fees involved in bringing the federal suit. The district court awarded Ciesla fees only for success in obtaining the Hawaii excise tax. The court created a formula to calculate the percentage of time devoted to the excise tax issue, and stated as follows:
 
 
 17
 This Court divides the total amount of the award granted here, $1,695.23, by the total amount requested by Ciesla in this case, $61,745.00.... The percentage is then multiplied by the total amount billed for this fee litigation, $12,730.90.
 
 
 18
 The result was $349.53. The district court's calculation is not an abuse of discretion. The fees incurred in the federal suit are "fees-on-fees," because they are fees earned litigating for merits fees. Thompson v. Gomez, --- F.3d ----, No. 93-16650, slip op. at 1039 (9th Cir.1995). The relative degree of success in litigating for merits fees bears upon the size of the fees-on-fees award. Id., slip op. at 1042. Thus a district court can determine fees-on-fees by multiplying the percentage of merit fees awarded by the amount requested for fees-on-fees. Id., slip op. at 1042-44. If a plaintiff receives 87 percent of the merit fees requested, a court can reduce the fees-on-fees award to 87 percent of the amount requested. Id.
 
 
 19
 Nonetheless, because we reverse the phase II merit fees award, we must vacate the fees-on-fees award. The district court must recalculate the fees-on-fees award after recalculating the merit fees award. We also vacate the Hawaii excise tax award for recalculation after determination of the merit fees award.
 
 
 20
 To summarize, we affirm the portion of the district court judgment on the phase I attorney's fees award. We reverse the district court judgment on the phase II attorney's fees award and remand for recalculation. Finally, we vacate both the award of attorney's fees for the federal district court suit and the award of the Hawaii excise tax and remand for recalculation.
 
 
 21
 AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED for further proceedings.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Robert R. Merhige, Senior United States District Judge for the District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the Civil Rights Act of 1991, the time limit increased to ninety days. The prior thirty day limit is applicable in this case
 
 
 [2]
 The district court did not reverse the attorney's fees EEOC awarded, but just stated that Ciesla was not entitled to any additional fees