103 F.3d 141
 9 NDLR P 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome D. TORCZYNER, Plaintiff-Appellant,
v.
LOCKHEED MISSILES & SPACE COMPANY, INC., Defendant-Appellee.
 No. 95-17121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 20, 1996.
 
 Before: HUG, Chief Judge, REAVLEY** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jerome Torczyner appeals the district court's dismissal of his Americans with Disabilities Act ("ADA") claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Torczyner asserts the following arguments on appeal: (1) that the district court erred in applying the 180-day filing requirement as opposed to the 300-day requirement; (2) that Torczyner's completed EEOC intake questionnaire constituted a valid charge of discrimination; (3) that Torczyner's claim was subject to the doctrine of tolling; and (4) that the district court erred by not finding that Torczyner's EEOC charge presented a timely and valid claim. We affirm.
 
 
 3
 In order to assert a cause of action under Title VII of the Civil Rights Act of 1964, an individual must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). However, should the aggrieved initially institute proceedings with a state or local agency with the power to grant or seek relief from such an unlawful employment practice, the individual has 300 days from the date of the alleged violation to file a charge with the EEOC. Id. This filing requirement applies to claims under the ADA as well. 42 U.S.C. § 12117(a).
 
 
 4
 Title VII's filing requirement acts as a limitations period and bars subsequent action in federal court if not met. Delaware State College v. Ricks, 449 U.S. 250, 256 (1980). Failure to file a charge with the EEOC within the prescribed time period bars subsequent actions under the ADA as well as Title VII.
 
 
 5
 The California Department of Fair Employment and Housing (DFEH) is an approved state agency with subject matter jurisdiction over discrimination claims and, therefore, California is a "deferral state." 29 C.F.R. § 1601.13(a)(3). Because Torczyner resides in a deferral state, he would be entitled to the extended filing period if he had instituted proceedings with the DFEH within 300 days of the alleged violation. Torczyner need not have filed a complaint with the DFEH before filing a charge with the EEOC so long as the EEOC forwarded the complaint to the appropriate state agency within 300 days. Bouman v. Block, 940 F.2d 1211, 1220 (9th Cir.1991) (holding that where the EEOC forwards a complaint to the appropriate state agency and defers jurisdiction, the extension period is triggered regardless of whether the complaint was first received by the EEOC or the state), cert. denied, 502 U.S. 1005 (1991).
 
 
 6
 The extended filing requirement did not apply because Torczyner failed to initiate state proceedings within 300 days of the alleged violation. Torczyner did not file a charge of discrimination with the EEOC until July 7, 1994, 363 days after the alleged discrimination occurred. Even viewing all facts and inferences in favor of Torczyner and assuming that the EEOC immediately forwarded his charge to the DFEH, this could not have occurred within the prescribed time period. There is no evidence to suggest, and Torczyner does not allege in his pleadings, that state proceedings were ever instituted. The district court did not err in applying the 180-day filing requirement and finding that Torczyner's claim was time-barred.
 
 
 7
 Torczyner asserts that the intake questionnaire completed in March of 1994 constituted a valid charge of discrimination. Because Torczyner did not complete the questionnaire within 180 days of the alleged unlawful employment practice, the Court need not address this argument.
 
 
 8
 Alternatively, Torczyner argues that the 180-day deadline should have been tolled because he did not know the exact date of the discrimination. The burden of alleging facts which would give rise to tolling is on the plaintiff. Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir.1993), cert. denied, 114 S.Ct. 1833 (1994). In order to invoke tolling, a plaintiff must "plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts." Id. Torczyner raises the issue of tolling for the first time on appeal and, therefore, failed to carry his burden with respect to the pleading requirement. Furthermore, Torczyner has not presented any facts indicative of due diligence. He never contacted Lockheed Missiles about the status of his application or attempted to investigate possible discrimination. He waited a year before filing a charge of discrimination with the EEOC and, in all of those months, made no effort to determine if the position had even been filled. Torczyner's ADA claim is not entitled to tolling.
 
 
 9
 Finally, Torczyner presents the novel argument that, taken as a whole, the EEOC charge presents a timely claim and that the district court erred by not ignoring "inadvertent mistakes" contained therein. In effect, Torczyner argues that although the verified charge lists July 9, 1993 as the date of discrimination and the "continuing action" box is not marked, July 9th was not the actual date that discrimination took place and should not be treated as such. Torczyner has failed to present, and the Court is unaware of, any legal authority to support the proposition that the date sworn to by a complainant as the date of discrimination should not be considered as such. Furthermore, Torczyner has failed to show that the district court erred by not disregarding the date as an inadvertent mistake. Although courts should construe procedural provisions of Title VII and the ADA liberally, this liberality requirement does not protect a plaintiff who made no attempt to protect his rights for a year. Torczyner waited over 360 days from the date he applied for the position with Lockheed Missiles to file a charge with the EEOC. He has not presented a single valid reason for this delay. He made no attempt to contact the employer and no attempt to determine the outcome of his application. Torczyner fails to present any justification for his inability to comply with the 180-day, or even 300-day, filing requirements.
 
 
 10
 Appellee's request for attorney's fees is denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3