103 F.3d 139
 25 Media L. Rep. 1701
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank KERSIS; Stefa Kersis, Plaintiffs-Appellants,
v.
AMERICAN BROADCASTING COMPANIES, INC.; American Holding
Company, Inc., d/b/a KABC-TV Inc., Defendants-Appellees.
 No. 95-55732.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Nov. 21, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Frank and Stefa Kersis brought claims for wrongful death, infliction of emotional distress, and spoliation of evidence against the American Broadcasting Company ("ABC"), alleging that ABC caused the death of their son, Naras Kersis, aka Paul Highland ("Highland"), by broadcasting on "Prime Time Live" a story that included a surreptitiously recorded videotape of Highland. The Kersises allege that as a result of ABC's actions, Highland, a recovering alcoholic, relapsed into drinking and suffered a descending spiral of tragedies that ultimately led to his death. The district court dismissed the Kersis complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The Kersises appeal, and we affirm in part and reverse in part.
 
 
 4
 We conclude that the district court erred in dismissing appellants' wrongful death claim. A claim should not be dismissed under Fed.R.Civ.P. 12(b)(6) unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See, e.g., Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). Moreover, Fed.R.Civ.P. 8(a)(2) requires only notice pleading--"a short and plain statement of the claim showing that the pleader is entitled to relief."
 
 
 5
 Appellants contend that "Highland's death was caused as a direct result of the wrongful act negligence of the defendants in using the hidden camera." While the Kersises may ultimately be unable to prove a causal connection between the defendants' negligence and Highland's injury under California law, see, e.g., Christensen v. Superior Court, 820 P.2d 181, 200 (Cal.1991), we cannot say that appellants fail to state a cause of action under California substantive law. See, e.g., Nally v. Grace Community Church of the Valley, 763 P.2d 948, 961 (Cal.1988) (outrageous conduct that causes a suicide can be the basis of a wrongful death action). The complaint tells ABC that its allegedly outrageous conduct caused Highland's death, providing sufficient notice of the claim ABC would need to defend against. Thus, we reverse the district court's 12(b)(6) dismissal of appellants' wrongful death claim.
 
 
 6
 Appellants' claims for intentional and negligent infliction of emotional distress are barred by the one-year statute of limitations, see Cal.Code Civ.P. 340(3), which began to run when the Kersises allegedly suffered severe emotional distress as a result of ABC's conduct. See Cantu v. Resolution Trust Corp., 6 Cal.Rptr.2d 151, 170 (Cal.Ct.App.1992). In their complaint, appellants allege that they suffered emotional distress at the time of the broadcast in February 1993. Since they did not file their complaint until January 1995, their claims are time barred.
 
 
 7
 Appellants nevertheless contend that the statute of limitations was tolled while Highland pursued his emotional distress claims in state court. But the district court correctly noted that Highland's emotional distress claims were distinct from those of his parents. Because two actions must address the same harm in order for one to toll the limitations period applicable to the other, we conclude that the statute of limitations was not tolled. See Hinton v. Pacific Enterprises, 5 F.3d 391, 396 (9th Cir.1993). Therefore, we affirm the district court's dismissal of appellants' intentional and negligent infliction of emotional distress claims.
 
 
 8
 Because we reverse the dismissal of appellants' wrongful death claim, we also reverse the dismissal of their spoliation of evidence claim. An intentional spoliation claim can only be stated for evidence needed for prospective litigation, see Velasco v. Commercial Bldg. Maintenance Co., 215 Cal.Rptr. 504, 506 (Cal.Ct.App.1985), and appellants' spoliation claim properly relates to this prospective action. Thus, although the district court dismissed the spoliation of evidence claim on the ground that no action remained to which it applied, we reinstate appellants' spoliation of evidence claim to the extent that it relates to their wrongful death claim.
 
 
 9
 AFFIRMED IN PART AND REVERSED IN PART. Costs are awarded to Plaintiffs-Appellants.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3