**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT J. KLEIN,
Plaintiff-Appellee,

v.

No. 99-2492

VIDEO UPDATE, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CA-98-1355-6-21)

Argued: June 8, 2000

Decided: July 10, 2000

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Louis Stephenson, NEXSEN, PRUET, JACOBS
& POLLARD, L.L.P., Greenville, South Carolina, for Appellant. J.
Theodore Gentry, WYCHE, BURGESS, FREEMAN & PARHAM,
P.A., Greenville, South Carolina, for Appellee. **ON BRIEF:** Charles
W. Emory, Jr., NEXSEN, PRUET, JACOBS & POLLARD, L.L.P.,
Greenville, South Carolina, for Appellant. Mark W. Bakker,
WYCHE, BURGESS, FREEMAN & PARHAM, P.A., Greenville,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Klein filed a diversity suit in the United States District Court for the District of South Carolina against Video Update, Inc. alleging, among other things, that Video Update committed a breach of contract accompanied by a fraudulent act and violated the South Carolina Payment of Wages Act by failing to pay him $271,500 due to him following termination of his employment with Video Update's predecessor in interest, Moovies, Inc. The jury awarded Klein actual damages of $306,795 and punitive damages of $1 million on his common-law claims. In a separate order, the district court concluded that the sums due to Klein were wages under the South Carolina Payment of Wages Act (the Act) and that Video Update's failure to pay those sums violated the Act, warranting an award to Klein of reasonable attorneys' fees and costs. The district court subsequently denied Video Update's post-trial motion for judgment as a matter of law on the jury's verdict and Video Update's post-trial motion to compel election of remedies. Video Update noted a timely appeal of the district court's rulings. Finding no reversible error, we affirm.

I.

After selling his video rental business to Moovies in 1995, Klein entered into an employment relationship with Moovies. In October 1995, upon his promotion to Executive Vice President of Operations, he signed an Employment Agreement with Moovies. Klein was subsequently promoted to the position of Chief Operating Officer. In March 1997, Moovies and Klein entered into negotiations to terminate Klein's employment with Moovies. Because this termination was without cause, Klein was entitled under his Employment Agreement to receive, among other things, (1) all unpaid base salary and other benefits due through the period ending September 30, 1998, the original end date for Klein's term of employment with Moovies, and (2)

2

one year's additional base salary. Moovies subsequently requested that Klein accommodate Moovies's desire not to pay Klein in cash by restructuring the payments due to him. Consequently, Klein and Moovies entered into a Termination Agreement, effective April 1, 1997, which terminated the Employment Agreement and referenced a Non-Qualified Stock Option Agreement (the Option Agreement), effective April 17, 1997, which granted Klein the option to purchase up to 100,000 shares of Moovies common stock at the price of $4.69 per share.[1]

Of particular relevance to this case, the Option Agreement provided for a special one-time election by which Klein could elect to receive, if the price of the company's common stock was not greater than the option price of $4.69 per share by at least $2.715, an amount per each outstanding option equal to the lesser of (1) the option price plus $2.715 minus the month-end trading price, or (2) $2.715. According to Klein and his counsel, the purpose of this special one-time election provision was to ensure that Klein would receive no less than the $271,500 guaranteed him under the Employment Agreement. By letter dated February 20, 1998, Klein exercised the one-time special election in the Option Agreement. Because the options were not then "in the money" (i.e., the month-end trading price did not exceed the option price), the options were cancelled and terminated pursuant to the Option Agreement for the purpose of calculating the sums due to Klein. Klein's exercise of the special election obligated Moovies to pay the sums due to Klein on or before April 30, 1998.

After Klein exercised the special election provision, Moovies merged with Video Update. By letter dated April 29, 1998, Video Update informed Klein that, pursuant to its calculations, Klein was owed $203,625 under the Option Agreement, an amount reflecting the multiplication of 75,000 cancelled options by $2.715. Video Update based the number of canceled options upon the exchange rate of .75 Video Update shares for each share of Moovies stock used in the merger between Moovies and Video Update. Video Update further

_____

[1] The Termination Agreement also entitled Klein to receive, among other things, the one year's additional base salary due to him under the terms of the Employment Agreement. The one year's additional base salary has been paid to Klein and is not in dispute.

informed Klein that, in order to receive the $203,625 it contended that Klein was owed under the Option Agreement, Klein would be required to acknowledge that (1) no "Default" or "Event of Default" existed under the Option Agreement and related agreements, and (2) Video Update's calculations were correct. Klein refused to accept Video Update's conditions and has received no payments under the Option Agreement. Video Update's Executive Vice President for Mergers and Acquisitions admitted that Video Update possessed no evidence on April 29, 1998, that Klein was in default under the Termination Agreement, that it never possessed any evidence at all that he violated the noncompete clause of, or did anything wrong under, the Termination Agreement, and that it never sent Klein any notice of default contemplated by the Termination Agreement.

On May 12, 1998, Klein filed suit against Video Update in district court. Klein's complaint asserted claims for breach of contract, breach of contract accompanied by a fraudulent act, breach of implied covenant of good faith and fair dealing, violation of the South Carolina Payment of Wages Act, and extortion and economic duress arising out of Video Update's failure to pay Klein the $271,500 it owed him under the Option Agreement. After a one-day jury trial on May 24, 1999, the jury returned a verdict for Klein, awarding actual damages of $306,795 and punitive damages of $1 million. [2] On July 28, 1999, the district court issued its Findings of Fact, Conclusions of Law, and Order, whereby it concluded that the sums due to Klein were "wages" under the Act and that Video Update's failure to pay those sums within the time period established in the Option Agreement violated the Act, warranting an award of reasonable attorneys' fees and costs to Klein as provided by the Act. On July 29, 1999, the district court entered judgment in favor of Klein for the amount of actual and punitive damages awarded by the jury and for reasonable attorneys' fees and costs to be determined by the court. By order entered on October 29, 1999, the district court, among other things, denied post-trial motions filed by Video Update for judgment as a matter of law or a

_____

[2] Prior to trial, Klein withdrew his cause of action for extortion and economic duress. During the trial, the parties requested that the court determine separately the issue of whether Video Update violated the South Carolina Payment of Wages Act. The jury's verdict reflects its decision with respect to the remaining claims.

new trial on the jury's verdict finding Video Update liable on Klein's claim for breach of contract accompanied by a fraudulent act and awarding Klein punitive damages, denied Video Update's post-trial motion to compel election of remedies, awarded Klein's counsel attorneys' fees and costs in the amount of $58,548.29, and awarded Klein costs in the amount of $5,450.48.

Video Update filed a timely notice of appeal of the district court's rulings. Before us, Video Update argues that the district court erred in denying its post-trial motion for judgment as a matter of law on Klein's claim for breach of contract accompanied by a fraudulent act because Klein's contentions that Video Update acted fraudulently when it requested that Klein assent to a lesser sum than he claimed was owed him and confirm that no event of default had occurred, even if true, are insufficient under controlling South Carolina precedent to establish that Video Update committed a fraudulent act separate and distinct from a breach of contract. In a related vein, Video Update asserts that the district court erred in letting the issue of punitive damages go to the jury, and, alternatively, erred in failing to overturn the jury's award of punitive damages because no jury reasonably could have concluded, under the clear and convincing standard of proof for an award of punitive damages, that Video Update acted in willful, wanton, or reckless disregard of Klein's rights. Video Update also contends that the district court erred in applying the Act to Video Update's actions because Klein released all employment and statutory claims against Video Update when he entered the Termination Agreement, and, alternatively, the sums due to Klein are stock options or severance payments that are not "recompense for labor rendered" as wages are defined under the Act. Finally, Video Update argues that because Klein only suffered the single injury of not receiving the $271,500 that was owed him under the Termination Agreement, the district court erred in failing to require Klein to elect between the remedy provided by his common-law claims and the remedy provided by his claim under the Act.

II.

This Court reviews a district court's denial of a motion for judgment as a matter of law de novo, viewing the evidence in the light most favorable to the non-movants. See Chaudhry v. Gallerizzo, 174

5

F.3d 394, 404-05 (4th Cir.), <u>cert. denied</u>, 120 S. Ct. 215 (1999). "Judgment as a matter of law is proper when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." <u>Id.</u> at 405 (internal quotation marks omitted). This Court reviews a district court's refusal to set aside a jury's punitive damages award for abuse of discretion. <u>See Mattison v. Dallas Carrier Corp.</u>, 947 F.2d 95, 100 (4th Cir. 1991). The district court's conclusion that the payments claimed by Klein are "wages" under the South Carolina Payment of Wages Act and its conclusion that Klein did not receive an impermissible double recovery requiring election of remedies are legal conclusions that this Court reviews de novo. <u>See Meekins v. United Transp. Union</u>, 946 F.2d 1054, 1057 (4th Cir. 1991).

We have reviewed the record, briefs, and pertinent case law on this matter, and we have had the benefit of oral argument. Our careful review persuades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's opinions. <u>See Klein v. Video Update, Inc.</u>, No. CA-98-1355-6-21 (D.S.C. July 28 & Oct. 29, 1999).

<u>AFFIRMED</u>