**STARVIEW OUTDOOR THEATRE, INC., and Diamond Realty, Inc., Plaintiffs,**

**v.**

**PARAMOUNT FILM DISTRIBUTING CORP., Twentieth Century Fox Film Corporation, Warner Bros. Pictures Distributing Corp., Universal Film Exchanges, Inc., Columbia Pictures Corporation, United Artists Corporation, Buena Vista Distribution Co., Inc., American Broadcasting-Paramount Theatres, Inc., Balaban & Katz Corporation, and Publix Great States Theatres, Inc., Defendants.**

**No. 63 C 1351.**

United States District Court
N. D. Illinois, E. D.

Feb. 9, 1966.

James G. Culbertson, Jerome A. Frazel, Jr., Hinshaw, Culbertson, Moelmann & Hoban, Chicago, Ill., Robert D. Raven, Morrison, Foerster, Holloway, Clinton & Clark, San Francisco, Cal., for plaintiffs.

Muller Davis, Samuel Block, Raymond Mayer, Jenner & Block, Chicago, Ill., for Paramount Film Distributing Corp., American Broadcasting-Paramount Theatres, Inc., Publix Great States Theatres, Inc., and Balaban and Katz Corp.

Miles G. Seeley, Richard F. Hart, James W. Gladden, Jr., George W. Hamman, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for Warner Bros. Pictures Distributing Corp., Columbia Pictures Corp., United Artists Corp., Universal Film Exchanges, Inc.

Robert W. Bergstrom, Charles O. Brizius, Ronald W. Olson, Bergstrom, Brizius & Olson, Chicago, Ill., for Twentieth Century Fox Film Corp.

Tom A. Reynolds, Sr., Edward L. Foote, Winston, Strawn, Smith & Patterson, Chicago, Ill., A. Vernon Carnahan, Donovan, Leisure, Newton & Irvine, New York City, for Buena Vista Distribution Co., Inc.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

I have before me a motion adopted by all defendants for the entry of a pretrial order pursuant to Rule 16 of the Federal Rules of Civil Procedure limiting the issue of damages at trial to those alleged to have occurred after July 29, 1959. In the alternative, these same defendants renew their motion under Rule 56(d) of the Federal Rules of Civil Procedure for partial summary judgment against the plaintiffs as to all injuries which allegedly occurred prior to July 29, 1959.

On June 3, 1964, I denied defendants' previous motion for partial summary judgment, and stated:

"It appearing from record that plaintiffs had notice of alleged violations of antitrust laws by defendants for purpose of preventing tolling of applicable statute of limitations, but it not appearing exactly when this notice attached, a genuine issue of a material fact remains.

"Wherefore, defendant's motion for summary judgment on ground that suit is barred by applicable statute of limitations must be, and the same hereby is, denied."

Since there are matters before me which were not made available for consideration by me at the time of my denial of defendants' original motion, I should consider at this time their motion as renewed.

The complaint herein, filed July 29, 1963, seeks damages against defendants under Title 15, U.S.C., § 15, for antitrust violations allegedly occurring before July 29, 1959. Title 15, U.S.C., § 15b provides in pertinent part that:

"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. * * *"

There has been considerable confusion concerning the formulation of the legal standard for determining whether the statute of limitations bars part of this claim. Substantial argument was devoted to an interpretation of my previous ruling. It was cited for the proposition that "notice" and not "knowledge" is what is required in order to prevent tolling of the applicable statute of limitations. I cannot ascribe to that position. I would be hard pressed to give precise meanings to the words "notice" and "knowledge". Further, I do not find that case law reflects a firm distinction. See: Pan American Petroleum v. Orr, 319 F.2d 612 (5th Cir. 1963); Philco Corp. v. Radio Corporation of America, 186 F.Supp. 155 (1960).

One principle is clear: Plaintiffs are required to exercise reasonable diligence in seeking to discover the existence of alleged violations after being put on inquiry. What constitutes "being put on inquiry"? I suppose, a certain degree of notice, a certain amount of knowledge and some reasonable suspicion. The verbal formula must be considered in the context of a motion for summary judgment.

The defendants now contend that there is additional evidence showing sufficient notice to plaintiffs of the existence of a claim so as to charge them with due diligence in bringing suit within the time prescribed by the statute of limitations. Evidence in support of this contention consists of: (1) a lawsuit brought by Starview in 1949 against some of the same defendants who are now before me with allegations similar to those in the present controversy; (2) depositions of plaintiffs' officers and shareholders; and (3) correspondence between plaintiffs' attorney and the Antitrust Division of the Department of Justice.

The following facts are not in dispute:

On May 17, 1957, counsel for plaintiffs wrote a letter to Victor R. Hansen, Assistant Attorney General, Antitrust Division, Department of Justice, which states in pertinent part as follows:

" * * *

"It appears to us that Balaban & Katz Corporation is clearly engaged in a plan to monopolize the supply of motion pictures available for showing in Elgin by buying more pictures than are required by the reasonable needs of the Crocker."

The letter from the Assistant Attorney General in response to the letter from plaintiffs' counsel concluded that the award of bids for certain pictures to the Crocker Theatre was based upon a reasonable evaluation. It does not follow, however, that the response contained in the letter from the Assistant Attorney General negatived plaintiffs' knowledge of alleged antitrust violations reflected in the letter by plaintiffs' counsel.

The pleadings filed by the same plaintiff, Starview, in 1949, and subsequently amended on February 7, 1951, have been quoted in part within the answering brief of certain defendants in support of the motion pursuant to Rule 56(d). A comparison of the complaint filed in the prior litigation with the complaint in the controversy before me reveals a marked similarity of allegations with the exception of Paragraphs 22(c) and 22(b).

I conclude from the resemblance of pleadings that plaintiffs were chargeable with knowledge in the early 1950s which caused them to institute proceedings in an action substantially similar to the one presently before me. I find that the depositions of George H. Reckas, Harry J. Reckas, and Betty Reckas, the prin-

cipal officers of plaintiff corporation, buttress my conclusion.

I do not find that there is an area of reasonable doubt about the sufficiency of knowledge chargeable to plaintiffs. The question is not merely when did notice of alleged wrong doing attach. The motion for partial summary judgment raises a question of what degree of notice is necessary in order to bring into play a standard of due diligence.

■ Plaintiffs may not postpone suit until they have all of the information necessary to prove an antitrust violation. Public Service Co. of New Mexico v. General Electric Co., 315 F.2d 306, 309, 312 (10 Cir. 1963), cert. den. 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033; Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 210 F.Supp. 557 (N.D.Ill.1962), aff'd 315 F.2d 558, 561 (7 Cir. 1963); Atlantic City Electric Co. v. General Electric Co., 207 F.Supp. 620 (S.D.N.Y. 1962), aff'd 312 F.2d 236 (2 Cir. 1962), cert. den. 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed.2d 411; Westinghouse Electric Corporation v. Pacific Gas and Electric Company, 326 F.2d 575, 576 (9 Cir. 1964); General Electric Company v. City of San Antonio, 334 F.2d 480, 482 (5 Cir. 1964); Kansas City, Missouri v. Federal Pacific Electric Co., 310 F.2d 271 (8 Cir. 1962).

After reviewing the similar pleadings in a suit filed in 1949 by the same plaintiff, as well as the correspondence and depositions noted above, I am convinced that defendants' motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure is well founded.

I find that plaintiffs had sufficient notice of alleged antitrust violations as of May 17, 1957. It was therefore incumbent upon them to exercise due diligence in bringing suit within the time prescribed by the statute of limitations.

Since I find that plaintiffs were put on inquiry more than four years prior to the filing of this suit, I hereby grant defendants' motion for summary judgment and limit the issue of damages at trial to those alleged to have been incurred after July 29, 1959. It therefore

becomes unnecessary for me to consider defendants' alternative motion for a pretrial order pursuant to Rule 16 of the Federal Rules of Civil Procedure.

It is so ordered.