M. D. RUTLEDGE, Appellant,

v.

BOSTON WOVEN HOSE AND RUBBER COMPANY, a Division of American Bilt-rite, Inc., a corporation, Appellee.

No. 76–1231.

United States Court of Appeals,
Ninth Circuit.

June 7, 1978.

Robert L. Wilson (argued), Los Angeles, Cal., for appellant.

Douglas C. Conroy (argued), Los Angeles, Cal., for appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and THOMPSON,* District Judge.

HUFSTEDLER, Circuit Judge:

This appeal arises from the dismissal of the second of two antitrust lawsuits filed by plaintiff Rutledge against various hydraulic hose manufacturers and assemblers. Rutledge's first suit was filed in 1969 against five hose manufacturers and seven hose assemblers alleging a price fixing conspiracy in violation of Sections 1 and 2 of the Sherman Act and price discrimination in violation of the Clayton and Robinson-Patman Acts. (*Rutledge v. Electric Hose and Rubber Co.* (C.D.Cal.1971) 327 F.Supp. 1267 (hereinafter referred to as *Rutledge I*).) The trial judge in *Rutledge I* entered judgment dismissing the action at the close of Rutledge's case and this court affirmed on January 30, 1975. (511 F.2d 668.)

On March 7, 1975, Rutledge filed the complaint in this case (hereinafter referred to as *Rutledge II*). The *Rutledge II* complaint is almost a carbon copy of *Rutledge I*, except that (1) Boston Woven Hose and Rubber Company ("Woven Hose"), which had not been a party to the first suit, was named as a defendant in the second suit,[1] and (2) plaintiff averred that Woven Hose was guilty of price discrimination in granting a secret additional discount to certain favored customers and not to plaintiff. After plaintiff amended his complaint twice pursuant to stipulation, the defendant moved to dismiss the complaint for failure to state a claim; no answer was ever filed. The trial court granted the motion to dismiss, holding that plaintiff was collaterally estopped because the identical issues concerning the alleged conspiracy were decided against him in *Rutledge I*. It also held that the action was barred by the statute of limitations in that the four year limitations period had expired. (15 U.S.C. § 15b.)

The district court correctly decided that plaintiff was not free to relitigate in *Rutledge II* any of the issues which were conclusively adjudicated against him in *Rutledge I*. Thus plaintiff cannot relitigate any of the claims of antitrust violations or claimed conspiracies that were averred in *Rutledge I* and repeated in *Rutledge II*. Plaintiff's attempt to avoid the impact of issue preclusion (collateral estoppel) by claiming that it would be unfair to apply the doctrine to him is unsupported by the record. His argument is that he should not be foreclosed by the prior litigation because he had less than two years after the complaint was filed within which to complete his discovery and that his representation in *propria persona* in the prior case was no match for the array of law firms which represented the defendants in *Rutledge I*. These facts may explain why he lost *Rutledge I*, but they provide no legal basis for failing to apply issue preclusion to his second action.

Rutledge plausibly argues that issue preclusion does not apply in respect of his claim in *Rutledge II* that Woven Hose was guilty of price discrimination in its granting secret discounts to certain favored customers. We need not resolve that issue, however, because we are convinced that Rutledge's claim for relief based upon these secret discounts is barred by the statute of limitations.

Rutledge acknowledges that the conduct of which he complains occurred more than four years before he filed the complaint in *Rutledge II*. He argues, however, that he avoided the bar of limitations by successfully pleading that Woven Hose fraudulently concealed the existence of this claim for relief. Rutledge had the burden of both pleading and ultimately proving fraudulent concealment. To carry that burden, he had to plead facts showing that Woven Hose actively misled him, that he had neither

---

* Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation.

1. The defendants in the first suit were named as co-conspirators of Woven Hose in the *Rutledge II* complaint.

actual nor constructive knowledge of the facts constituting his claim for relief despite his diligence in trying to discover the pertinent facts. (*E. g., Dayco Corp. v. Goodyear Tire & Rubber Co.* (6th Cir. 1975) 523 F.2d 389; *City of Detroit v. Grinnell Corp.* (2d Cir. 1974) 495 F.2d 448; *Kansas City, Missouri v. Federal Pacific Elec. Co.* (8th Cir. 1962) 319 F.2d 271.)

█ The sole averments in the *Rutledge II* complaint directed to the fraudulent concealment argument are as follows: "Defendant has fraudulently concealed the existence of the aforesaid price discrimination through the adoption of elaborate schemes, resorting to secrecy to avoid detection, and by denying that such discrimination or price differential existed." The only averment that is not conclusory is the allegation that defendant denied that such discrimination or price differential existed. Rutledge cannot rely upon conclusory statements to avoid the bar of limitations. He must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts. (*E. g., Dayco Corp. v. Goodyear Tire & Rubber Co., supra; City of Detroit v. Grinnell Corp., supra; Laundry Equipment & Sales Corp. v. Borg-Warner Corp.* (7th Cir. 1964) 334 F.2d 788.)

█ To avoid the bar of limitation by invoking the concept of fraudulent concealment, the plaintiff must allege facts showing affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief. Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure. The affirmative act of denying wrongdoing may constitute fraudulent concealment where the circumstances make the plaintiff's reliance upon the denial reasonable, but this is not such a case. As early as 1965, Rutledge had expressed his suspicion to attorneys for the Justice Department's antitrust division that Woven Hose was giving a secret additional discount to one of Rutledge's competitors, the Weatherhead Company, a suspicion based on Weatherhead's low resale price.[2] In 1969, Rutledge named Weatherhead as a defendant in the *Rutledge I* action and he could have then confirmed his earlier suspicion by a diligent pursuit of the discovery available in that case. He was not a man insensitive to the implications of the antitrust laws, nor was he a person who lightly discarded his suspicions. His extensive litigation of the similar issues in *Rutledge I,* and his continued efforts to pursue his suspicions of other wrongdoing forbid any inference that he would be thrown off the trail by a simple denial of wrongdoing. Under these circumstances, Rutledge cannot successfully assert fraudulent concealment to avoid the limitations bar.[3]

AFFIRMED.

MERRILL, Circuit Judge, dissenting:

I dissent from the holding that Rutledge's claim was time-barred and would remand for further proceedings. In my view Rutledge had the right to accept with-

2. Rutledge claims that the Justice Department attorneys assured him that no secret discount had been offered. However, it has been observed in a similar context that such government assurances will not necessarily be held to "negative" a defendant's well-founded suspicion of an antitrust violation, at least where the existence of a fraudulent concealment for purposes of tolling the statute of limitations is at issue. (*See Starview Outdoor Theatre v. Paramount Film Distrib. Corp.* (N.D.Ill.1966) 254 F.Supp. 855, 857–58.)

3. This case is unlike *Mt. Hood Stages, Inc. v. Greyhound Corp.* (9th Cir. 1977) 555 F.2d 687.

In *Mt. Hood,* the jury had found as a fact that Mt. Hood neither knew nor should have known of Greyhound's antitrust violation, and Greyhound conceded that it had attempted to conceal its antitrust violation. In our case, it is unnecessary to decide whether Rutledge knew enough facts to put him on constructive notice that he had a claim for relief against Woven Hose. The existence of his suspicion and his opportunities for discovery were relevant only as those facts bear upon the reasonableness of his reliance upon Woven Hose's alleged denial of wrongdoing.

out mistrust the alleged fraudulent misrepresentations by Woven Hose. In the absence of new grounds for suspicion such misrepresentations in my judgment, if credible and if accepted and relied upon, should relieve the victim of any further burden of investigation or discovery.