15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Keith CAROSELLI; Lee Caroselli; Frank Caroselli,
Plaintiffs-Appellants,
v.
FIRST INTERSTATE BANK OF DENVER, Defendant-Appellee.
 No. 92-55805.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1993.*
Decided Dec. 17, 1993.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith, Lee, and Frank Caroselli (collectively the Carosellis) appeal the district court's order granting summary judgment in favor of First Interstate Bank of Denver (Bank). The district court determined that the Carosellis' claims under California law for conversion and fraud were barred by the applicable statute of limitations, Cal.Civ.Proc.Code Sec. 338(c)-(d). The Carosellis argue that the statute of limitations was tolled by either the doctrine of fraudulent concealment or estoppel by concealment. The district court concluded, as a matter of law, that the Carosellis' reliance on the Bank's allegedly fraudulent communication was not reasonable. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * The district court's grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990); State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir.1989). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989); Judie v. Hamilton, 872 F.2d 919, 920 (9th Cir.1989).
 
 II
 
 4
 Under California law, a plaintiff who sues for fraud or conversion faces a three-year statute of limitations. Cal.Civ.Proc.Code Sec. 338(c)-(d) (West Supp.1993). A fraud claim does not "accrue [ ] until the discovery, by the aggrieved party, of the facts constituting the fraud...." Id. Sec. 338(d); see also Harrell v. 20th Century Ins. Co., 934 F.2d 203, 206 (9th Cir.1991) ("[T]he three-year period does not begin to run until the plaintiff has actual or constructive notice of the facts constituting the fraud.") (citation omitted). In this case, the asset seizure occurred more than five years before the date the Carosellis filed their complaint. The Bank argued, and the district court held, that the relevant statutes of limitations barred both of the Carosellis' claims.
 
 
 5
 The Carosellis do not challenge the district court's ruling that their conversion claim is time-barred. They do argue, however, that the district court erred in granting summary judgment to the Bank on their fraud claim. According to the Carosellis, the record before the district court gave rise to triable questions regarding the applicability of the doctrines of (a) fraudulent concealment and (b) estoppel by concealment. The Carosellis insist that each doctrine tolls the statute of limitations in Sec. 338(d).
 
 
 6
 The Bank argues that we should decline to consider the Carosellis' estoppel argument because the Carosellis failed to press that argument in the district court. The Bank is correct that the Carosellis did not make an estoppel argument in the district court. Rather, the Carosellis argued in their opposition to the Bank's motion that the Bank's "concealment" of its "fraud" tolled the statute of limitations.
 
 
 7
 "Generally, we decline to hear issues which were not raised before the district court unless exceptional circumstances exist." Pacific Express, Inc. v. United Airlines, Inc., 959 F.2d 814, 819 (9th Cir.) (citation omitted), cert. denied, 113 S.Ct. 814 (1992). "[A]n exceptional circumstance may exist where the newly raised issue is a purely legal one which either does not depend on the factual record developed below or the pertinent record has been fully developed." Id. (citation omitted). Exceptional circumstances do not exist in this case. Accordingly, we decline to consider the Carosellis' estoppel argument.
 
 
 8
 The parties agree that our decision in Volk v. D.A. Davidson & Co., 816 F.2d 1406 (9th Cir.1987), provides the correct statement of the doctrine of fraudulent concealment:
 
 
 9
 In some cases, the conduct of a defendant will toll the statute of limitations under the doctrine of fraudulent concealment. The doctrine is properly invoked only if a plaintiff establishes affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief.
 
 
 10
 Id. at 1415 (quotation marks omitted) (emphasis added).[1]
 
 
 11
 We agree with the district court that the Carosellis' reliance on Bazylak's statement, as a matter of law, was not reasonable. As they did in the district court, the Carosellis rest their argument exclusively on Lee Caroselli's declaration. The declaration establishes that the Carosellis "relied" on Bazylak's statement, i.e., they refrained from filing a fraud action against the Bank because of Bazylak's assertion that the Bank had relied on some mechanism other than the security agreement to effect the 1986 seizure.
 
 
 12
 But Lee Caroselli's declaration does next to nothing to demonstrate that the Carosellis' reliance was reasonable. Without elaborating on the point, Lee Caroselli states that she and her brother "relied heavily for advice" on their old bank, First Bank of Eagle, and continued to rely on the Bank after it made the $300,000 loan to the Carosellis. Because we presume, as the district court did, that relying on an adverse party's statement of the parties' legal rights is generally not reasonable, the Carosellis' failure to present any evidence of reasonable reliance is particularly damaging to their case.
 
 
 13
 The Bank, in contrast, presented a good deal of uncontroverted evidence demonstrating that the Carosellis' reliance was in no way reasonable. Prior to October 11, 1988 (three years before the Carosellis filed their complaint), the Carosellis and their attorney saw the documents that the Bank is alleged to have presented to the Colorado state court. During the same time period, the Carosellis filed court documents demonstrating their awareness of a potential cause of action against the Bank. The Bank's trial brief in the bankruptcy court makes clear that, at least by August 12, 1988, the Carosellis had made the connection between the two pages allegedly missing from the security agreement and their claim that the Bank had no security interest in the property it seized. Clearly, by October 1988, the Carosellis and their counsel had facts in their possession that made any reliance on the Bank's statement of the parties' rights unreasonable as a matter of law.
 
 
 14
 For purposes of the fraudulent concealment doctrine, the Carosellis' failure to file their fraud suit earlier than they did cannot be considered reasonable.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Carosellis correctly point out that Volk does not purport to summarize California law. Volk was a RICO case; we cited two earlier Ninth Circuit decisions applying the same standard, both of which involved federal statutes. Gibson v. United States, 781 F.2d 1334, 1345 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987) (Federal Tort Claims Act); Rutledge v. Boston Woven Hose & Rubber Co., 576 F.2d 248, 250 (Sherman Act). Volk is nevertheless in harmony with the California courts' summary of the doctrine of fraudulent concealment:
 [T]he statute of limitations is tolled whenever plaintiff is able to show the defendant fraudulently concealed facts which would have led him to discover his potential cause of action....
 Once a belated discovery is properly pleaded, the question becomes whether the failure to discover earlier the injury and its negligent cause was justifiable and reasonable so as to prevent the running of the statute of limitations.
 Snow v. A.H. Robins Co., 165 Cal.App.3d 120, 127-28, 211 Cal.Rptr. 271, 275 (Cal.Ct.App.1985) (emphasis added).