57 F.3d 1076
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Lee R. CAROSELLI and Keith W. Caroselli, a
partnership, et al., Debtor.
FIRST INTERSTATE BANK OF DENVER, Defendant-Cross-Plaintiff-Appellee,
v.
Sheila FELL, as Chapter 7 Trustee for the Estate of Lee R.
Caroselli and Keith W. Caroselli, a partnership,
et al.; Plaintiff-Cross-Defendant-Appellee;
v.
Lee R. CAROSELLI, dba: Caroselli's Vail Factory; dba:
Caroselli's of Newport Beach; dba: Caroselli's The Logo
Shop; dba: The Vail Factory; dba: The Balboa Fun Zone
T-Shirt Company; Plaintiff-Cross-Defendant-Appellant,
Keith W. Caroselli, Plaintiff-Cross-Defendant-Appellant.
 Nos. 93-56597, 93-56720.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1995.*
Decided June 13, 1995.
 
 IN NO. 93-56720; DISMISSED IN NO. 93-56597.
 Before: PREGERSON, POOLE, D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, appellants Lee R. Caroselli and Keith W. Caroselli ("the Carosellis") appeal the district court's order approving the compromise and settlement agreement between appellees Sheila Fell, the bankruptcy trustee of the Carosellis' partnership estate ("Trustee"), and First Interstate Bank of Denver ("First Interstate"). The district court also dismissed the underlying adversary proceeding between the Trustee and First Interstate. In 93-56597, the Carosellis claim that the district court erred in approving the settlement agreement because (1) it was not negotiated in good faith, (2) it was an unfair settlement, or (3) it was not the best possible compromise. In 93-56720, the Carosellis appeal the district court's denial of their postjudgment motion objecting to the order approving the compromise. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the district court's denial of the Carosellis' postjudgment motion and dismiss the appeal of the district court's order approving the compromise for lack of standing.
 
 I. No. 93-56720
 
 3
 Appellees argue that the Carosellis cannot appeal the district court's denial of their Objection to the Order Approving the Compromise as this denial does not constitute an appealable order under 28 U.S.C. Sec. 1291. We construe the Carosellis' Objection to the Order Approving the Compromise as a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e). We hold that the district court did not abuse its discretion in denying the motion, Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991), because the Carosellis presented no arguments in their postjudgment motion that had not already been raised in opposition to the Trustee's motion for an order approving the compromise. Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). We therefore affirm the district court in 93-56720 and focus on the Carosellis' direct appeal from the district court's order approving the compromise. Taylor, 871 F.2d at 805.
 
 II. No. 93-56597
 
 4
 Standing is a question of law reviewed de novo. Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir.1994). The Carosellis lack standing to assert this appeal on behalf of the estate or the interests of the creditors. See 11 U.S.C. Sec. 323 ("The trustee ... is the representative of the estate [and] has the capacity to sue and be sued."); In re Eisen, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994). Furthermore, because the partnership is "hopelessly insolvent," the Carosellis lack standing to assert their own interests in the partnership. See Matter of Fondiller, 707 F.2d 441, 442 (9th Cir.1983) (holding that "a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate"); accord In re Thompson, 965 F.2d 1136, 1143-44 n. 12 (1st Cir.1992); see also 9 Collier on Bankruptcy, p 8001.05 at 8001-12 n. 2b ("In most chapter 7 cases, the estate being insolvent, the debtor often does not have an economic interest in the outcome of the case and therefore, does not have standing to appeal."). The Trustee's pleadings below indicate that the adversary action against First Interstate "is the only asset in the estate that offers a source of payment to creditors" and that its estimated value will not satisfy the estate's liabilities. Although the Carosellis allege that the compromise undervalues the claims against First Interstate, they have not demonstrated that the district court's finding that "this case never had any value at all" was clearly erroneous. Thus, the Carosellis have failed to establish a likelihood that they would benefit personally from a higher settlement figure even if we were to reverse the district court's order approving the compromise. See In re Mark Bell Furniture Warehouse, Inc., 992 F.2d 7, 9 (1st Cir.1993) (finding that a debtor lacks standing when "an estate surplus is neither suggested by the debtor nor by the record").
 
 
 5
 Furthermore, the Carosellis no longer have any individual interests in the settlement independent of the estate's interest because their state law claims against First Interstate have been foreclosed by the applicable statutes of limitations. See Caroselli v. First Interstate Bank of Denver, 15 F.3d 1083 (9th Cir.1993) (memorandum decision). Because the Carosellis have not demonstrated a pecuniary interest in the outcome of this appeal, they lack standing to contest the district court's order. Matter of Fondiller, 707 F.2d at 442; In re Eisen, 31 F.3d at 1451 n. 2. Accordingly, this appeal is dismissed.
 
 
 6
 No. 93-56720 is AFFIRMED; No. 93-56597 is DISMISSED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3