89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Walter Raymond KEY, Plaintiff-Appellant,
v.
OAKLAND HOUSING AUTHORITY; Local 1877 Service Employees
International Union; State Compensation Insurance
Fund, Defendants-Appellees.
 
 No. 95-15164.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Raymond Key appeals pro se the district court's order granting summary judgment for the Service Employees International Union Local 1877 ("Union") and dismissing his claims against the Oakland Housing Authority ("Authority") and the State Compensation Insurance Fund ("Fund") in Key's action alleging that: (1) the Authority improperly terminated him in 1977, (2) the Fund denied him a fair hearing, and (3) the Union denied his request for assistance in violation of its duty of fair representation. Key alleged employment discrimination under 42 U.S.C. § 2000e ("Title VII"), civil rights violations under 29 U.S.C. § 794 and 42 U.S.C. §§ 1983, 1985(2) and 1986, in addition to state law claims for breach of contract, slander, and negligent and intentional infliction of emotional distress. The district court concluded that all of Key's claims were time-barred. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 This court reviews de novo a grant of summary judgment, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996), a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995), and a Fed.R.Civ.P. 12(c) judgment on the pleadings. Merchants Home Delivery Serv., Inc. v. Frank B. Hall & Co., 50 F.3d 1486, 1488 (9th Cir.), cert. denied, 116 S.Ct. 418 (1995).
 
 
 4
 Key contends that the district court erred in granting summary judgment for the Union and dismissing his complaint against the Fund and the Authority. Key's initial contention that the statute of limitations should be equitably tolled lacks merit. Even after being provided with a statement of the complaint's deficiencies and granted an opportunity to amend, cf. Mayes v. Leipziger, 729 F.2d 605, 608 (9th Cir.1984), Key failed to plead sufficient facts to support an equitable tolling claim, cf. Stitt v. Williams, 919 F.2d 516, 523 (9th Cir.1990). Failure to plead the allegedly concealed facts waives the equitable tolling defense. Grimmett v. Brown, 75 F.3d 506, 514 (9th Cir.1996); see also Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 120 (9th Cir.1980) (the plaintiff "must plead with particularity the circumstances surrounding the fraudulent concealment and state facts showing his due diligence in trying to uncover the facts." (quoting Rutledge v. Boston Woven Hose & Rubber Co., 576 F.2d 248, 250 (9th Cir.1978)).
 
 
 5
 In order to bring an employment discrimination claim under Title VII, a claimant must first file a timely complaint with the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(e)(1). A claim under 29 U.S.C. § 794 is subject to either the three-year limitation period "upon a liability created by statute," Cal.Code Civ.Proc. § 338(1), or the one-year limitation period for personal injury actions. Cal.Code Civ.Proc. § 340(3); Alexopulos v. San Francisco Unified Sch. Dist., 817 F.2d 551, 554 (9th Cir.1987). The statute of limitations for a civil rights action brought under 42 U.S.C. §§ 1983 and 1985(3) is the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 280 (1985) (§ 1983); McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir.1991) (§ 1985(3)). In California, this period is one year. See Cal.Code Civ.Proc. § 340(3). The statute of limitations for an action brought under 42 U.S.C. § 1986 is also one year. See Burnett v. Grattan, 468 U.S. 42, 48-49 (1984).
 
 
 6
 A breach of contract claim is subject to California's four-year statute of limitations. See Cal.Code Civ.Proc. § 337(1). Claims of slander, negligent infliction of emotional distress, and intentional infliction of emotional distress are subject to California's one-year statute of limitations. See Cal.Code Civ.Proc. § 340(3).
 
 
 7
 Here, Key suffered two unrelated on-the-job injuries on January 21, 1976 and March 25, 1976 and was terminated on March 25, 1977. Key's workers' compensation hearing took place on October 4, 1978. Key filed his complaint on May 19, 1993. Because Key has failed to allege sufficient facts to equitably toll the statute of limitations, see Grimmett, 75 F.3d at 514, all of his claims are barred by the respective statutes of limitations, see 42 U.S.C. §§ 1986 & 2000e-5(e)(1); Cal.Code Civ.Proc. §§ 337(1), 338(1), 340(3). Accordingly, the district court did not err in granting summary judgment for the Union and dismissing Key's complaint against the Fund and the Authority.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3