Carlton HAUGH; Dena Haugh, Plaintiffs–Appellants,

v.

DEPUY–MOTECH, INC.; Ace Medical Company; Cross Medical Products; Howmedica, Inc., and its parent Pfizer, Inc.; Scientific Spinal; Smith & Nephews Richards, Inc.; Synthes; Synthes, Inc.; Synthes North America, Inc.; A.G. Synthes; Zimmer, Inc.; Danek Medical Inc.; Sofamor, Inc.; Sofamor, SNC; Sofamor–Danek Group; National Medical Specialty, Inc., fka Stuart Medical Specialty, Inc.; Synthes AG Chur; Buckman Company, Inc., Defendants,

Biederman Motech GmbH, a German Corporation; Falcon–Med Inc., Defendants–Appellees.

No. 00–55001.

D.C. No. CV–95–08564–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2001.[1]

Decided July 20, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before NOONAN, SILVERMAN and PAEZ, Circuit Judges.

## MEMORANDUM [2]

On March 22, 1991, Dr. McKinley performed a surgery on Carlton Haugh that involved the implant of a pedicle screw device known as the MOSS device. The MOSS device was manufactured by Biedermann Motech GmbH (Biedermann) and distributed by Falcon Med., Inc. (Falcon). Following implantation, Mr. Haugh developed severe pain in his low back and extremities and numbness in his left foot. Mr. Haugh underwent surgery to remove the MOSS device on April 28, 1994. On July 22, 1998, Carlton and Dena Haugh (the Haughs) filed their Second Amended Complaint naming Biedermann and Falcon as defendants and alleging causes of action for strict liability, negligence, breach of

warranty, fraud, and intentional or negligent infliction of emotional distress. The Haughs appeal the district court's summary judgment in favor of Biedermann and Falcon. We affirm the district court's judgment and hold that the Haughs' claims are barred by the statute of limitations.

■ Under California law, personal injury actions resulting from products liability claims must be filed within one year of the accrual of plaintiff's claim. *See* Cal.Civ.Proc.Code § 340(3). The cause of action accrues on the date of the injury unless the discovery rule applies. *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1120 (9th Cir.1994). The discovery rule applies when plaintiff shows the time and manner of discovery and the inability to have made earlier discovery despite reasonable diligence. *Id.* If applicable, the discovery rule delays the accrual date until "the plaintiff suspects or should suspect that her injury was caused by wrongdoing." *Jolly v. Ely Lilly & Co.*, 44 Cal.3d 1103, 1110, 245 Cal.Rptr. 658, 751 P.2d 923 (1988).

■ Even if we assume the discovery rule applies here, the statute of limitations expired before the Haughs named Biedermann and Falcon as defendants. Under the discovery rule, the limitations period began to accrue when the Haughs suspected, or should have suspected that Mr. Haugh's injury was caused by wrongdoing. *See Jolly*, 44 Cal.3d at 1110, 751 P.2d 923. The Haughs admit that "the earliest time that Mr. Haugh would have been apprized of the facts that could have possibly led him to believe that the pedicle screw device was the cause of his pain is on or about December 16, 1993, when he viewed the 20/20 program discussing problems associated with pedicle screw fixation." There-

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

fore, the limitations period began to accrue on about December 16, 1993. Without tolling, the statute of limitations expired on about December 16, 1994, almost three and one half years before the Haughs named Biedermann and Falcon as defendants. Even if this Court accepts the Haughs' assertion that they did not discover the screw device was the cause of Mr. Haugh's pain until it was explanted on April 28, 1994, the statute of limitations would have expired on April 28, 1995, more than three years before the Haughs named Biedermann and Falcon as defendants.

The Haughs nonetheless contend that they filed their claims against Biedermann and Falcon within the limitations period because (1) the limitations period was tolled as a result of the filing of a nationwide class action, (2) the limitations period was tolled because Biedermann and Falcon fraudulently concealed their identities, and (3) this federal action relates back to the date the Haughs filed an action against Doe defendants in state court.

### a. Filing of Class Action

■ The Haughs argue that the limitations period was tolled from December 30, 1993 through February 22, 1995 because a nationwide class action representing all pedicle screw plaintiffs was filed. While the filing of a class action tolls the statute of limitations until class certification is denied, see *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), tolling does not apply in this case. The district court found that Biedermann and Falcon were not named defendants in the class action the Haughs claim acts to toll the limitations period. A class action against other manufacturers and distributors of pedicle screw devices cannot toll the limitations period against Biedermann and Falcon.

### b. Fraudulent Concealment

■ Next, the Haughs argue that Biedermann and Falcon fraudulently concealed their identities. Under California's fraudulent concealment doctrine, a defendant may be estopped from asserting a statute of limitations defense when a plaintiff is unable to discover the defendant's identity as a result of the defendant's intentional concealment. *Bernson v. Browning–Ferris Indus. of Cal., Inc.,* 7 Cal.4th 926, 30 Cal.Rptr.2d 440, 446, 873 P.2d 613 (Cal.1994) (in bank). To set forth a claim for fraudulent concealment, a plaintiff "must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts." *Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248, 250 (9th Cir.1978).

■ The Haughs assert that Biedermann failed to produce documents to the Plaintiffs' Legal Committee during consolidated pre-trial handling in MDL 1014. However, the Haughs concede that Biedermann and Falcon were not parties to this action until 1998. The Haughs provide no support for the proposition that Biedermann or Falcon had a duty to produce documents in a proceeding in which it was not a party.

Further, the Haughs fail to state facts which show their diligence in trying to determine the proper defendants. *See Rutledge,* 576 F.2d at 250. The Haughs do not explain why they were unable to discover defendants' involvement with the MOSS device before March 1997 despite identifying defendants by name as early as 1995. In addition, the record includes evidence that Dr. McKinley testified in a MDL 1014 deposition that Biedermann was the manufacturer of the MOSS device. The Haughs could have discovered Biedermann and its exclusive distributor, Falcon, if the Haughs had questioned Dr. McKin-

ley. Accordingly, the Haughs have not shown that they acted diligently to discover Biedermann and Falcon as defendants such that the statute of limitations should be tolled.

c. Relation Back

Finally, the Haughs argue that their Second Amended Complaint naming Biedermann and Falcon was filed within the limitations period because it relates back to the date they filed a complaint in state court. The Haughs filed an action in state court on November 1, 1994 naming 50 Doe defendants, among others.

When Doe defendants are named in an action, plaintiffs have an additional three years to serve an unknown defendant. *See* Cal.Civ.Proc.Code §§ 474 & 583.210(a); *Norgart v. Upjohn Co.*, 21 Cal.4th 3839, 87 Cal.Rptr.2d 453, 81 P.2d 79, 89 (1999). Therefore, the Haughs had until November 1, 1997 to name Biedermann and Falcon as defendants in the state action. It is undisputed that Biedermann and Falcon were never named defendants in that action. Instead, the Haughs filed a separate action in federal court where they named Biedermann and Falcon as defendants. This action does not relate back to the state action. *Cf. Brennan v. Lermer Corp.*, 626 F.Supp. 926 (N.D.Cal.1986) (Where the original complaint was removed from state to federal court, the plaintiff was permitted to amend her complaint in federal court in order to substitute a defendant for the Doe defendants originally named in state court).

For the reasons stated above, the judgment of the district court is *affirmed.*