NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY L. BLIXSETH, | No. 21-15543 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00101-RCJ-WGC |
| v. | |
| UNITED STATES INTERNAL REVENUE SERVICE; UNITED STATES DEPARTMENT OF THE TREASURY; TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION; UNITED STATES DEPARTMENT OF JUSTICE; LANNY BREUER; FEDERAL BUREAU OF INVESTIGATION; IMMIGRATION AND CUSTOMS ENFORCEMENT; DOES, 1 through 100, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted February 11, 2022
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HURWITZ and VANDYKE, Circuit Judges, and MOSKOWITZ,[**] District Judge.

Timothy Blixseth appeals the district court's order dismissing his claims against the Internal Revenue Service, Department of the Treasury, Department of Justice, Federal Bureau of Investigation, U.S. Immigration and Customs Enforcement, and others. The district court found each of Blixseth's claims time-barred. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in finding each of Blixseth's claims time-barred. "A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (cleaned up). Blixseth asserted ten claims in the first amended complaint: five Federal Tort Claims Act (FTCA) claims (Counts 6–10), 28 U.S.C. §§ 2671, *et. seq.*; one Racketeer Influenced and Corrupt Organizations Act (RICO) claim (Count 2), 18 U.S.C. §§ 1962, 1964; and four claims for invasion of privacy or conspiracy (Counts 1, 3, 4, and 5). The parties agree that the statute of limitations for the RICO claim is four years and that the statutes of limitations for the remaining nine claims are two years.

a. Each of Blixseth's FTCA claims was time-barred. Blixseth discovered the

---

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

injuries supporting his FTCA claims when they allegedly occurred between 2008 and 2013, well more than two years before he filed the lawsuit in 2020. 28 U.S.C. § 2401(b). Filing an FTCA administrative complaint in 2018 did not toll the statute of limitations for any of these claims because that complaint itself was filed outside of the applicable limitation periods.

b. Similarly, Blixseth discovered his RICO claim when the alleged injuries occurred between 2008 and 2013, or at the latest in 2014, when he allegedly became aware of a "conspiracy" to monitor, harass, and exploit him. Blixseth then waited more than four years before filing his lawsuit in 2020. *See Rotella v. Wood*, 528 U.S. 549, 552–53 (2000). As for the remaining privacy and conspiracy-based claims, the broad conspiracy alleged in Count 1 involved injuries and events occurring before 2013. Blixseth discovered this claim as well as the remaining claims at the latest in 2017, when the complaint states that he discovered the alleged government email hacking and wiretapping. Because he did not file this lawsuit until more than two years after discovering each of these claims, they are time-barred.

2. The district court did not abuse its discretion by declining to apply equitable tolling based on fraudulent concealment. A plaintiff seeking tolling for fraudulent concealment must allege with particularity that he "had neither actual nor constructive notice of the facts constituting [his] claims for relief." *Volk v. D.A.*

3

*Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987). Blixseth's claim that the government withheld facts from him when it denied his Freedom of Information Act (FOIA) requests does not allege that the government concealed his claims for relief. Nor could it, because "silence or passive conduct does not constitute fraudulent concealment." *Id*. at 1416 (citing *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978)).

3. Lastly, the district court did not abuse its discretion by dismissing Blixseth's claims with prejudice. The district court adequately explained that Blixseth's proposed amendment would not cure the defects in his complaint and would therefore be futile. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court has broad discretion to deny amendment where the plaintiff has previously filed an amended complaint).

**AFFIRMED.**